IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODY LEE DAW, and<br>VANROY DAW<br><br>Plaintiffs,<br><br>v.<br><br>JOSE ANGEL MARSAN,<br>an individual, and FAST<br>TRANSPORT, INC., a<br>corporation,<br><br>Defendants. | CASE NO.: 2:17-cv-59-WHA<br><br>DEMAND FOR TRIAL BY JURY |

## COMPLAINT

COMES NOW the Plaintiffs, Rody Lee Daw and Vanroy Daw, and for the relief hereinafter sought, respectfully show unto this Honorable Court as follows:

### JURISDICTION

1. A controversy exists between Plaintiffs and Defendants involving more than Seventy-Five Thousand Dollars ($75,000.00).

2. Jurisdiction in this case is based upon diversity of citizenship (28 U.S.C. 1332).

### PARTIES

3. Plaintiff, Rody Lee Daw, is an individual over the age of nineteen (19) years and a resident of the State of Alabama.

1

4. Plaintiff, Vanroy Daw, is an individual over the age of nineteen (19) years and a resident of the State of Alabama.

5. Defendant, Jose Angel Marsan, is an individual over the age of nineteen (19) years and a resident of the State of Florida.

6. Defendant, Fast Transport, Inc., is a foreign corporation incorporated in North Carolina and with its principal place of business in North Carolina, which at all times pertinent to this civil action operated a trucking business within the State of Alabama and which employed Jose Angel Marsan as the driver of a commercial vehicle on the date of the collision forming the basis of the Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

7. Plaintiffs adopt and incorporate paragraphs one (1) through six (6) as if fully set out herein.

8. On or about September 9, 2016, Plaintiffs were traveling West in the left hand lane on a public road, to wit: US-84 at the intersection of Rousseau Street and CR-98 in Covington County, Alabama.

9. At the same time and place, Defendant Jose Angel Marsan, was operating a tractor trailer and also traveling West on US-84, but in the right hand lane.

10. At the same time and place, Defendant Jose Angel Marsan entered the Plaintiffs' lane of travel causing the Plaintiffs' vehicle to catch onto the back of the Defendant's truck and the Plaintiffs' vehicle was thrown into a ditch.

## COUNT I
### Negligence/Wantonness

11. Plaintiffs adopt and incorporate paragraphs one (1) through ten (10) as if fully set out herein.

12. Defendant Jose Angel Marsan, while acting in the line and scope of his employment with Defendant Fast Transport, Inc., was under a duty at the time of the incident forming the basis of Plaintiffs' Complaint to refrain from operating a motor vehicle negligently.

13. Defendant Jose Angel Marsan breached his duty by negligently causing and/or allowing his tractor-trailer to collide with the vehicle in which the Plaintiffs, Rody Lee Daw and Vanroy Daw, were traveling.

14. As a direct and proximate consequence of the negligence or wanton conduct of the Defendant, the Plaintiff, Rody Lee Daw, was caused to suffer the following injuries and damages:

    (a) he was caused to incur medical expenses to treat and cure his injuries;
    (b) he will be caused to incur medical expenses in the future;
    (c) he was caused to suffer physical pain and mental anguish;
    (d) he was permanently injured;
    (e) his vehicle was rendered less valuable; and
    (f) he was caused to be injured and damaged, all to his detriment.

15. As a direct and proximate consequence of the negligence or wanton conduct of the Defendant, the Plaintiff, Vanroy Daw, was caused to suffer the following injuries and damages:

    (a) he was caused to incur medical expenses to treat and cure his injuries;
    (b) he will be caused to incur medical expenses in the future;
    (c) he was caused to suffer physical pain and mental anguish;
    (d) he was permanently injured;
    (e) his vehicle was rendered less valuable; and
    (f) he was caused to be injured and damaged, all to his detriment.

16. Accordingly, Plaintiffs bring this action against Defendant, Jose Angel Marsan, for negligence and/or wantonness.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the jury selected to hear this case render a verdict for the Plaintiffs, and against Defendants, for compensatory and punitive damages in an amount to be shown by the evidence at trial. Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT II
### Respondeat Superior

17. The Plaintiffs adopt and incorporate paragraphs one (1) through sixteen (16) as if fully set out herein.

18. On September 9, 2016, at the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant, Fast Transport, Inc. was the principal and/or employer of Defendant Jose Angel Marsan.

19. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant Jose Angel Marsan was acting as the agent, servant and/or employee of Defendant Fast Transport, Inc.

20. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant Jose Angel Marsan was acting within the line and scope of his employment with Defendant Fast Transport, Inc.

21. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant Jose Angel Marsan was operating a tractor-trailer in furtherance of the business purposes of Defendant Fast Transport, Inc.

22. As a result of the foregoing, Defendant Fast Transport, Inc. is vicariously liable to Plaintiffs for the negligent and/or wanton conduct of Defendant Jose Angel Marsan that proximately caused the injuries to Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the jury selected to hear this case render a verdict for the Plaintiffs, and against Defendants, for compensatory damages in an amount to be shown by the evidence at trial. Furthermore, the Plaintiffs request that the Court enter a judgment consistent with

the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT III
### Negligent/Wanton Hiring, Training, Retention And/Or Entrustment

23. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-two (22) as if fully set out herein.

24. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant Jose Angel Marsan was acting as the agent, servant and/or employee of Defendant Fast Transport, Inc.

25. As Defendant Jose Angel Marsan's principal and/or employer, Defendant Fast Transport, Inc., had a duty to exercise due and proper diligence in an effort to hire, train and/or supervise competent employees.

26. Defendant Fast Transport, Inc., negligently or wantonly breached this duty by failing to hire, train or supervise competent employees on or about the date of the occurrence made the basis of the Plaintiffs' Complaint.

27. As a proximate consequence thereof, Plaintiffs were injured and damaged as set out above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the jury selected to hear this case render a verdict for the Plaintiffs, and against Defendants for compensatory in an amount to be shown by the evidence at trial. Furthermore, Plaintiffs request that the Court enter a judgment consistent with the jury's verdict,

together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

This 24th day of January, 2017.

/s/ *D. Brett [signature]*
D. Brett Turnbull (asb-2569-d43t)
Attorney for the Plaintiff
Cory Watson Attorneys
2131 Magnolia Avenue S, Suite 200
Birmingham, Alabama 35205
P (205) 328-2200
F (205) 324-7896
E-Mail: bturnbull@corywatson.com

**TO CLERK: PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

Jose Angel Marsan
10819 NW 7th Street, Apartment 14
Miami, Florida, 33172

Julio Galvez
Registered Agent for Fast Transport, Inc.
3146 Virginia Pine Court
Wake Forest, North Carolina 27587-7871.